**In the INTEREST OF: J.M.T. & J.R.T., Plaintiffs,**

**Missouri Children's Division, Respondent,**

**Juvenile Officer, Respondent**

v.

**M.I.C. (Mother), Appellant,**

**R.L.T. (Father), Appellant.**

**WD 79514 (Consolidated with WD 79515)**

Missouri Court of Appeals, Western District.

Order filed: January 17, 2017

Sara H. Harrison, for Respondent Missouri Children's Division

Tanya K. Alm, for Respondent Juvenile Officer

Kurt P. Valentine, Co-counsel for Respondent Juvenile Officer

Gaylin R. Carver, for Appellant M.I.C.

Anne E. Kern, for Appellant R.L.T.

Before Division Three: Alok Ahuja, Presiding Judge, Victor C. Howard, Judge and James E. Welsh, Judge

## ORDER

PER CURIAM:

M.I.C. (Mother) and R.L.T. (Father) appeal the judgment of the trial court terminating their parental rights to their children, J.M.T. (Daughter) and J.R.T. (Son). Parents raise three points on appeal arguing that the trial court's decision was not supported by clear, cogent and convincing evidence that Parents repeatedly or continuously failed to provide the Children with adequate food, clothing, shelter, or education necessary for their physical, mental, or emotional health and development; or that the conditions that brought them into care continue to exist and will not be remedied so that the Children could be returned to the Parents. Parents contend that there was evidence that Parents have safe, stable housing, the children's medical issues no longer exist, and Parents are able to provide food, clothing, shelter, and education necessary for the children's physical, mental, and emotional development. Parents also claim that the condi-

tions that brought the children into care no longer exist and no potentially dangerous condition exists, parents have made substantial progress in complying with the terms of the social service plan, and the services provided have helped remedy the past situation and will continue to help Parents improve and be successful. Finally, Parents claim that because the children allegedly have a strong bond with them, the weight of the evidence is against finding the termination of their parental rights was in the children's best interest. Because a published opinion would have no precedential value, a memorandum has been provided to the parties.

The judgment is affirmed. Rule 84.16(b).